**LENARD E. SCHWARTZER**
2850 S. Jones Blvd., Ste. 1
Las Vegas, NV  89146
(702) 307-2022

TRUSTEE

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | ) Case No. BK-S 12-21969 MKN |
| PANKALLA-LANE, DAWN CAROL | ) IN PROCEEDINGS UNDER CHAPTER 7 |
| | ) TRUSTEE'S MOTION TO SELL REAL |
| | ) PROPERTY AND PAY COMMISSION AND |
| | ) NORMAL CLOSING COSTS |
| | ) (8944 Argus Reed Avenue, Las Vegas, NV) |
| | ) Date:   February 20, 2014 |
| | ) Time:   11:00 a.m. |
| Debtor(s) | ) Place:  Foley Building, Third Floor |

LENARD E. SCHWARTZER, Trustee, represents:

1.      The Debtor Dawn Carol Pankalla-Lane aka Dawn C Lane aka Dawn Lane filed for relief under Chapter 7 of the United States Bankruptcy Code on 10/23/12, and LENARD E. SCHWARTZER is the duly appointed and acting trustee herein.

2.      The Debtor's assets include real property located at 8944 Argus Reed Avenue, Las Vegas, NV (the "Property"), more particularly described in Exhibit "A," attached hereto and incorporated herein by reference.

3.      According to the schedules, the Property is "upside down," and will be sold as a "short sale."

1

4.      By order entered January 22, 2013, Trustee was authorized to employ DEBORAH L. PRIEBE, Real Estate Agent on a commission basis ("Realtor").

5.      Outstanding liens against the Property are as shown on the Preliminary Title Report, attached hereto, marked Exhibit B, and incorporated herein by reference.

6.      All liens as shown on the Preliminary Title Report will be satisfied prior to closing or paid at time of closing.

7.      The Trustee seeks authorization to sell the Property, subject to prior written approval from Secured Creditor(s) or its counsel.  The sale on said Property shall be closed within one year from the date of entry of an order approving this motion.

8.      The Trustee shall comply with any and all conditions set forth by Secured Creditor(s).

9.      The Trustee seeks authorization to pay the closing costs at close of escrow, including the real estate broker's commission of no more than 6% to be approved by Secured Creditor(s).

10.      The Trustee seeks authorization to pay a $395.00 transaction fee to Asset Management Realty from the estate's portion of the sale proceeds at close of escrow.

11.      The Buyer shall pay the bankruptcy estate $5,000.00 or 3% of the selling price over $200,000.00.

12.      Trustee believes that it is in the best interests of the estate and its creditors to sell the Property as hereinabove set forth.

13. Nothing in this motion is intended to impair any secured creditors right to seek relief from the automatic stay or to foreclose on the Property.

## MEMORANDUM OF LAW

The duties of a trustee in a Chapter 7 filing are enumerated in 11 U.S.C. 704, which provides that:

> The trustee shall--
> (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.

11 U.S.C. 363(b)(1) provides that:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

## CONCLUSION

WHEREFORE, Trustee prays for an order authorizing him to (1) sell the Property to the highest offer approved by Secured Creditor(s) under the terms and conditions set forth herein, including compliance with the written Short Sale Approval Letter to be obtained from Secured Creditor(s), which sale shall be closed within one year from the entry of an order approving this motion, (2) pay the normal closing costs at close of escrow, including a real estate commission of no more than 6% to be approved by Secured Creditor(s), (3) obtain release of or pay all liens as shown on the Preliminary Title Report prior to closing or at time of closing, (4) pay a $395.00 transaction fee to Asset Management Realty from the estate's portion of the sale proceeds at close of escrow, (5) require payment from the Buyer of $5,000 or 3% of the selling price over $200,000.00 to the Bankruptcy Estate, which may be reduced by the above-referenced $395.00 transaction fee should the short sale lender not approve payment, and (6) execute any and all documents on behalf of Seller necessary to effectuate the sale.

Dated: January 8, 2014                    /s/LENARD E. SCHWARTZER
                                          LENARD E. SCHWARTZER
                                          Trustee

## DECLARATION OF TRUSTEE

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information and belief.

Dated: January 8, 2014

                                          /s/LENARD E. SCHWARTZER
                                          LENARD E. SCHWARTZER

3

Order No. 13-05-0725-JKH
2nd AMENDMENT

## EXHIBIT "A"
## LEGAL DESCRIPTION

PARCEL I:

LOT FORTY-EIGHT (48) OF VENEZIA PHASE I @ RHODES RANCH, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 105, OF PLATS, PAGE 97, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II:

AN EASEMENT FOR INGRESS AND EGRESS OVER THE PRIVATE STREETS AND COMMON AREAS AS SHOWN AND DELINEATED ON SAID MAP

Order No. 13-05-0725-JKH
2nd AMENDMENT

NEVADA TITLE COMPANY
2500 North Buffalo, Suite # 150
Las Vegas, Nevada 89128
(702) 251-5000

ATTENTION:

December 20, 2013

Your Number
Order Number:        13-05-0725-JKH / Joy K. Hearn

Dated as of December 11, 2013 at 7:30 a.m.

In response to the above referenced application for a policy of title insurance, **Nevada Title Company** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referenced to as an Exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said Policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said Policy or Policies are set forth in the exclusions and exceptions from coverage document attached. The policy to be issued may contain an arbitration clause.   When the Amount of Insurance is less than the amount, if any, set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in the exclusions and exceptions from coverage. Copies of the Policy forms should be read.   They are available from the office which issued this report.

**Please read the exceptions shown or referenced to below and the exceptions and exclusions set forth in the exclusions from coverage of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance, and no liability is assumed hereby.  If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

_____
Title Officer: Sue Dudzinski

EXHIBIT "B"

Order No. 13-05-0725-JKH
2nd AMENDMENT

## SCHEDULE A

The form of Policy of Title Insurance contemplated by this report is:

( x )  California Land Title/American Land Title Association Homeowners Policy/ALTA Residential
( x )  American Land Title Association Lender's Policy 2006 PROPOSED INSURED   in the amount of $ , Premium Amount $
( )  American Land Title Association Owners Policy 2006
( )  California Land Title Association Standard Owner's/Lenders

PLEASE NOTE:  An ALTA Homeowner's Policy of Title Insurance will be issued in connection with the sale of the land covered by this [Preliminary Report or Commitment] unless the proposed insured advises the Company that another form of owner's policy is desired.

THE ESTATE OR INTEREST IN THE LAND DESCRIBED OR REFERRED TO IN THIS SCHEDULE COVERED BY THIS REPORT IS:

A Fee Estate as to Parcel I; An Easement as to Parcel II

Title to said estate or interest at the date hereof is vested in:

**Dawn Lane, an unmarried woman**

**Lenard E. Schwartzer, Bankruptcy Trustee for Dawn Carol Pankalla-Lane fka Dawn C Lane, subject to the Petition for a Chapter 7 Bankruptcy filed October 23, 2012 in the United States Bankruptcy Court, Nevada District as Case No. 12-21969-mkn**

The land referred to in this report is situated in the State of Nevada, County of Clark, and is described as follows:

SEE EXHIBIT "A" ATTACHED HERETO AND BY THIS REFERENCE MADE A PART HEREOF FOR LEGAL DESCRIPTION:


Buyer:  Michel Wagner
Address:  8944 Argus Reed Avenue Las Vegas, NV

Order No. 13-05-0725-JKH
2nd AMENDMENT

**EXHIBIT "A"**
**LEGAL DESCRIPTION**

PARCEL I:

LOT FORTY-EIGHT (48) OF VENEZIA PHASE 1 @ RHODES RANCH, AS SHOWN
BY MAP THEREOF ON FILE IN BOOK 105, OF PLATS, PAGE 97, IN THE OFFICE
OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

PARCEL II:

AN EASEMENT FOR INGRESS AND EGRESS OVER THE PRIVATE STREETS
AND COMMON AREAS AS SHOWN AND DELINEATED ON SAID MAP

Order Number: 13-05-0725-JKH

## SCHEDULE B

At the date hereof Exceptions to coverage in addition to the printed exceptions and exclusions contained in said policy form would be as follows:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.  Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.  Any facts, rights, interests or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.

3.  Easements, liens or encumbrances or claims thereof, which are not shown by the public records.

4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.  (a)  Unpatented mining claims:  (b)  reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c)  water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

    **NOTE: IF THE ALTA HOMEOWNERS POLICY IS REQUESTED BY THE INSURED, THE EXCEPTIONS LISTED ABOVE AS 1 THROUGH 5 WILL NOT BE SHOWN.**

Order Number: 13-05-0725-JKH

6. State and County Taxes for the fiscal period of 2013 to 2014, a lien now due and payable in the total amount of $986.52, and payable in the following installments and becomes delinquent if not paid as set forth below.

First installment of $247.11 has been paid

Second installment of $246.47 has been paid

Third installment of $246.47 unpaid delinquent first Monday in January

Fourth installment of $246.47 unpaid delinquent first Monday in March

Parcel No. 176-05-813-015

7. Any supplemental or recapture taxes under NRS Chapter 361, as amended, which may become a lien on the subject property by reason of increased valuations due to land use, improvements or otherwise.

8. The herein described property lies within the boundaries of CLARK COUNTY WATER RECLAMATION DISTRICT and may be subject to all assessments and obligation thereof.

9. Mineral rights, reservations, easements and exclusions in the patent conveying said land.

10. An easement affecting that portion of said land and for the purposes therein and incidental purposes thereto, in favor of COUNTY OF CLARK, for perpetual avigation, recorded January 9, 1997, in Book 970109 as Document No. 00840 of Official Records.

11. An easement affecting that portion of said land and for the purposes therein and incidental purposes thereto, in favor of COUNTY OF CLARK, for perpetual avigation, recorded February 18, 1997, in Book 970218 as Document No. 00683 of Official Records.

12. Dedications and Easements as shown on the recorded Map referred to herein, on file in Book 105 of Plats, Page 97, of Official Records.

The above map has been amended by CERTIFICATE OF AMENDMENT Recorded on July 21, 2004 in Book 20040721 as Document No. 02715 of Official Records.

Order Number: 13-05-0725-JKH

13. Covenants, Conditions and Restrictions: In the declaration of restrictions but omitting any covenants or restrictions, if any, including, but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law as contained in the Declaration of Restrictions recorded August 6, 2002 in Book No. 20020806 as Document No. 01138 of Official Records.

Said instrument provides that a violation thereof shall not defeat nor render invalid the lien of any Mortgage or Deed of Trust made in good faith and for value.

The right to levy certain charges or assessments against said land which shall become a lien if not paid as set forth in the above Declaration of Restrictions, and is conferred upon VENEZIA COMMUNITY ASSOCIATION, including any unpaid delinquent assessment as provided therein.

The provisions of the above stated Covenants, Conditions and Restrictions were purportedly annexed to include the herein described land by an instrument recorded March 7, 2003 in Book 20030307 as Document No. 02379 of Official Records.

14. Covenants, Conditions and Restrictions in the declaration of restrictions but omitting any covenants or restrictions, if any, including, but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, or source of income as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law affecting said land contained in the Deed recorded March 7, 2003 in Book 20030307 as Document No. 02379 of Official Records.

15. Deed of Trust to secure an indebtedness of $238,400.00 and any other amounts payable under the terms thereof:
Recorded:     June 17, 2005 in Book 20050617 Document No. 0004171 of Official Records.
Dated: June 16, 2005
Trustor:      DAWN LANE, AN UNMARRIED WOMAN
Trustee:      RECONTRUST COMPANY, NA
Beneficiary:  COUNTRYWIDE HOME LOANS, INC.

The amount due, terms and conditions of the indebtedness should be determined by contacting the owner of the debt.

**THE ABOVE DEED OF TRUST IS A FANNIE MAE/FREDDIE MAC LOAN AND MAY BE SUBJECT TO CERTAIN RESTRICTIONS.**

Order Number: 13-05-0725-JKH

A substitution of trustee under said deed of trust which appoints RECONTRUST COMPANY as the substituted trustee which instrument recorded September 9, 2008 in Book 20080909 of Official Records as Document No. 0005155.

The beneficial interest under said Deed of Trust now stands of record in THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-7. The last Assignment recorded July 21, 2011 in Book 20110721 as Document No. 0004309 of Official Records.

16. Deed of Trust to secure an indebtedness of $59,600.00 and any other amounts payable under the terms thereof:
Recorded:       June 17, 2005 in Book 20050617 Document No. 0004172 of Official Records.
Dated:          June 16, 2005
Trustor:        DAWN LANE, AN UNMARRIED WOMAN
Trustee:        RECONTRUST COMPANY, NA
Beneficiary:    COUNTRYWIDE HOME LOANS, INC.

The amount due, terms and conditions of the indebtedness should be determined by contacting the owner of the debt.

The beneficial interest under said Deed of Trust now stands of record in HOUSEHOLD FINANCE REALTY CORPORATION OF NEVADA. The last Assignment recorded March 14, 2012 in Book 20120314 as Document No. 0000367 of Official Records.

17. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against DAWN LANE, for disposal services, amount claimed $89.62, recorded October 7, 2008 in Book 20081007 as Document No. 0000630 of Official Records. Account No.: 20-79574-2

18. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against DAWN LANE, for disposal services, amount claimed $78.90, recorded December 4, 2008 in Book 20081204 as Document No. 0001326 of Official Records. Account No.: 20-79574-2

19. A claim of lien by VENEZIA COMMUNITY ASSOCIATION against DAWN LANE, for ASSESSMENTS, amount claimed $887.84, recorded December 12, 2008 in Book 20081212 as Document No. 0001359 of Official Records.

Notice of Default under the terms of the Covenants, Conditions, and Restrictions above-mentioned executed by RED ROCK FINANCIAL SERVICES, as agent Trustee for VENEZIA COMMUNITY ASSOCIATION, recorded March 31, 2009 in Book 20090331 as Document No. 0002018 of Official Records.

Order Number: 13-05-0725-JKH

The effect of a Notice of Trustee Sale Recorded October 4, 2012 in Book
20121004 as Document No. 0001689, which provides that the scheduled
foreclosure sale will be conducted on October 30, 2012 at the front entrance to the
Nevada Legal News 930 S. 4th St., Las Vegas Nevada 89101 at 10:00 A.M.

20. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against
DAWN LANE, for disposal services, amount claimed $84.90, recorded
September 9, 2009 in Book 20090909 as Document No. 0004482 of Official
Records.
Account No.: 20-79574-2

21. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against
DAWN LANE, for disposal services, amount claimed $81.66, recorded December
2, 2009 in Book 20091202 as Document No. 0004921 of Official Records.
Account No.: 20-79574-2

22. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against
DAWN LANE, for disposal services, amount claimed $84.66, recorded July 14,
2010 in Book 20100714 as Document No. 0000654 of Official Records.
Account No.: 20-79574-2

23. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against
DAWN LANE, for disposal services, amount claimed $85.14, recorded March 9,
2011 in Book 20110309 as Document No. 0003051 of Official Records.
Account No.: 620-2079574

24. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against
DAWN LANE, for disposal services, amount claimed $85.14, recorded May 27,
2011 in Book 20110527 as Document No. 0000779 of Official Records.
Account No.: 620-2079574

25. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against
DAWN LANE, for disposal services, amount claimed $132.06, recorded March 1,
2012 in Book 20120301 as Document No. 0004111 of Official Records.
Account No.: 620-2079574

26. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against
DAWN LANE, for disposal services, amount claimed $236.60, recorded
November 1, 2012 in Book 20121101 as Document No. 0000216 of Official
Records.
Account No.: 620-2079574

27. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against
DAWN LANE, for disposal services, amount claimed $250.62, recorded May 30,
2013 in Book 20130530 as Document No. 0002153 of Official Records.
Account No.: 620-2079574

Order Number: 13-05-0725-JKH

28. An Abstract of Judgment, for an amount hereinafter set out, plus interest and
costs, if any, recorded October 15, 2008 in Book 20081015 as Document No.
0000148 of Official Records;
Debtor:        DAWN LANE, AN INDIVIDUAL
Creditor:      MERCER & PIEL LTD'S
Court: DISTRICT
County:        Clark
Case No.:      A521734
Filing Date:   October 8, 2008
Amount:        $8,173.25
Attorney for Plaintiff: SHELL L. MERCER

29. A claim of lien by REPUBLIC SERVICES OF SOUTHERN NEVADA against
DAWN LANE, for disposal services, amount claimed $251.48, recorded
December 4, 2013 in Book 20131204 as Document No. 000359 of Official
Records.
Account No.:  620-2079574

30. The title to said land is presumptively subject to the community interest of the
spouse, if applicable, of the vestee herein; a conveyance from said spouse is
required unless such requirement is eliminated by having the vestee complete a
statement of information.

31. **Proper proceedings in the US Bankruptcy Court, in and for the District of
Nevada, Southern Division, in the matter of DAWN CAROL PANKALLA-
LANE AKA DAWN C LANE, debtor, Case No. 12-21969-mkn, leading to an
order directing the trustee therein to sell the land described herein.**

**Recordation of a certified copy of the Order referred to above.**

32. There are NO deeds affecting said land, recorded within twenty-four (24) months
of the date of this report.

33. Water rights, claims or title to water, whether or not shown by the public records.

Order Number: 13-05-0725-JKH

TAX INFORMATION:
2013-2014

| | |
|---|---|
| District: | 417 |
| Tax Rate: | 2.9328 |
| Parcel No.: | 176-05-813-015 |
| Real Estate: | $4,550.00 |
| Improvements: | $29,065.00 |
| Assessed Valuation: | $33,615.00 |
| Acreage Assessed: | N/A |

NOTE: This record is for assessment use only. No liability is assumed as to the accuracy of the data delineated hereon.

JMH/jh/pde

Order Number: 13-05-0725-JKH

**SCHEDULE C**

OFFICE NOTES

1. The title to said land is presumptively subject to the community interest of the spouse, if any, of the person named below; a conveyance from said spouse is required unless such requirement is eliminated by having said person complete a statement of information.
   Person:        MICHEL WAGNER

2. **The requirement that an inspection of the subject land be made prior to the close of escrow.**

   **NOTE:  Additional exceptions and/or requirements may be added to this report upon completion of said inspection.**

Order Number: 13-05-0725-JKH

## SCHEDULE D

**Privacy Notice (15 U.S.C. 6801 and 16 CFR Part 313):** Nonpublic personal information about you is provided to us from information you submit on forms and documents and from others who are involved in your transaction. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic personal information about you to those employees who need to know that information in order to provide products or services to you. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information. If you want a full page explanation of our privacy policy, or if you have questions, please contact us.



TAX DIST  417

**EXHIBIT 1 (REV. 8/17/06)**
**CALIFORNIA LAND TITLE ASSOCIATION STANDARD COVERAGE POLICY – 1990**
**EXCLUSIONS FROM COVERAGE**

THE FOLLOWING MATTERS ARE EXPRESSLY EXCLUDED FROM THE COVERAGE OF THIS POLICY AND THE COMPANY WILL NOT PAY LOSS OR DAMAGE, COSTS, ATTORNEYS' FEES OR EXPENSES WHICH ARISE BY REASON OF:

1. (A) ANY LAW, ORDINANCE OR GOVERNMENTAL REGULATION (INCLUDING BUT NOT LIMITED TO BUILDING OR ZONING LAWS, ORDINANCES, OR REGULATIONS) RESTRICTING, REGULATING, PROHIBITING OR RELATING (i) THE OCCUPANCY, USE, OR ENJOYMENT OF THE LAND; (ii) THE CHARACTER, DIMENSIONS OR LOCATION OF ANY IMPROVEMENT NOW OR HEREAFTER ERECTED ON THE LAND; (iii) A SEPARATION IN OWNERSHIP OR A CHANGE IN THE DIMENSIONS OR AREA OF THE LAND OR ANY PARCEL OF WHICH THE LAND IS OR WAS A PART; OR (iv) ENVIRONMENTAL PROTECTION, OR THE EFFECT OF ANY VIOLATION OF THESE LAWS, ORDINANCES OR GOVERNMENTAL REGULATIONS, EXCEPT TO THE EXTENT THAT A NOTICE OF THE ENFORCEMENT THEREOF OR A NOTICE OF A DEFECT, LIEN, OR ENCUMBRANCE RESULTING FROM A VIOLATION OR ALLEGED VIOLATION AFFECTING THE LAND HAS BEEN RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY.
   (B) ANY GOVERNMENTAL POLICE POWER NOT EXCLUDED BY (a) ABOVE, EXCEPT TO THE EXTENT THAT A NOTICE OF THE EXERCISE THEREOF OR NOTICE OF A DEFECT, LIEN OR ENCUMBRANCE RESULTING FROM A VIOLATION OR ALLEGED VIOLATION AFFECTING THE LAND HAS BEEN RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY.
2. RIGHTS OF EMINENT DOMAIN UNLESS NOTICE OF THE EXERCISE THEREOF HAS BEEN RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY, BUT NOT EXCLUDING FROM COVERAGE ANY TAKING WHICH HAS OCCURRED PRIOR TO DATE OF POLICY WHICH WOULD BE BINDING ON THE RIGHTS OF A PURCHASER FOR VALUE WITHOUT KNOWLEDGE.
3. DEFECTS, LIENS, ENCUMBRANCES, ADVERSE CLAIMS OR OTHER MATTERS;
   (A) WHETHER OR NOT RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY, BUT CREATED, SUFFERED, ASSUMED OR AGREED TO BY THE INSURED CLAIMANT;
   (B) NOT KNOWN TO THE COMPANY, NOT RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY, BUT KNOWN TO THE INSURED CLAIMANT AND NOT DISCLOSED IN WRITING TO THE COMPANY BY THE INSURED CLAIMANT PRIOR TO THE DATE THE INSURED CLAIMANT BECAME AN INSURED UNDER THIS POLICY;
   (C) RESULTING IN NO LOSS OR DAMAGE TO THE INSURED CLAIMANT;
   (D) ATTACHING OR CREATED SUBSEQUENT TO DATE OF POLICY; OR
   (E) RESULTING IN LOSS OR DAMAGE WHICH WOULD NOT HAVE BEEN SUSTAINED IF THE INSURED CLAIMANT HAD PAID VALUE FOR THE INSURED MORTGAGE OR FOR THE ESTATE OR INTEREST INSURED BY THIS POLICY.
4. UNENFORCEABILITY OF THE LIEN OF THE INSURED MORTGAGE BECAUSE OF THE INABILITY OR FAILURE OF THE INSURED AT DATE OF POLICY, OR THE INABILITY OR FAILURE OF ANY SUBSEQUENT OWNER OF THE INDEBTEDNESS, TO COMPLY WITH THE APPLICABLE DOING BUSINESS LAWS OF THE STATE IN WHICH THE LAND IS SITUATED.
5. INVALIDITY OR UNENFORCEABILITY OF THE LIEN OF THE INSURED MORTGAGE, OR CLAIM THEREOF, WHICH ARISES OUT OF THE TRANSACTION EVIDENCED BY THE INSURED MORTGAGE AND IS BASED UPON USURY OR ANY CONSUMER CREDIT PROTECTION OR TRUTH-IN-LENDING LAW.
6. ANY CLAIM, WHICH ARISES OUT OF THE TRANSACTION VESTING IN THE INSURED THE ESTATE OR INTEREST INSURED BY THIS POLICY OR THE TRANSACTION CREATING THE INTEREST OF THE INSURED LENDER, BY REASON OF THE OPERATION OF FEDERAL BANKRUPTCY, STATE INSOLVENCY OR SIMILAR CREDITORS' RIGHTS LAWS.

**EXCEPTIONS FROM COVERAGE – SCHEDULE B, PART I**

THIS POLICY DOES NOT INSURE AGAINST LOSS OR DAMAGE (AND THE COMPANY WILL NOT PAY COSTS, ATTORNEYS' FEES OR EXPENSES) WHICH ARISE BY REASON OF:

1. TAXES OR ASSESSMENTS WHICH ARE NOT SHOWN AS EXISTING LIENS BY THE RECORDS OF ANY TAXING AUTHORITY THAT LEVIES TAXES OR ASSESSMENTS ON REAL PROPERTY OR BY THE PUBLIC RECORDS.
   PROCEEDINGS BY A PUBLIC AGENCY WHICH MAY RESULT IN TAXES OR ASSESSMENTS, OR NOTICES OF SUCH PROCEEDINGS, WHETHER OR NOT SHOWN BY THE RECORDS OF SUCH AGENCY OR BY THE PUBLIC RECORDS.
2. ANY FACTS, RIGHTS, INTEREST, OR CLAIMS WHICH ARE NOT SHOWN BY THE PUBLIC RECORDS BUT WHICH COULD BE ASCERTAINED BY AN INSPECTION OF THE LAND OR WHICH MAY BE ASSERTED BY PERSONS IN POSSESSION THEREOF.
3. EASEMENTS, LIENS OR ENCUMBRANCES, OR CLAIMS THEREOF, WHICH ARE NOT SHOWN BY THE PUBLIC RECORDS.
4. DISCREPANCIES, CONFLICTS IN BOUNDARY LINES, SHORTAGE IN AREA, ENCROACHMENTS, OR ANY OTHER FACTS WHICH A CORRECT SURVEY WOULD DISCLOSE, AND WHICH ARE NOT SHOWN BY THE PUBLIC RECORDS.
5. (A) UNPATENTED MINING CLAIMS; (B) RESERVATIONS OR EXCEPTIONS IN PATENTS OR IN ACTS AUTHORIZING THE ISSUANCE THEREOF; (C) WATER RIGHTS, CLAIMS OR TITLE TO WATER, WHETHER OR NOT THE MATTERS EXCEPTED UNDER (A), (B) OR (C) ARE SHOWN BY THE PUBLIC RECORDS.

**CALIFORNIA LAND TITLE ASSOCIATION HOMEOWNER'S POLICY OF TITLE INSURANCE (10/22/03)**
**AMERICAN LAND TITLE ASSOCIATION HOMEOWNER'S POLICY OF TITLE INSURANCE (10/22/03)**
**EXCLUSIONS**

IN ADDITION TO THE EXCEPTIONS IN SCHEDULE B, YOU ARE NOT INSURED AGAINST LOSS, COSTS, ATTORNEY'S FEES, AND EXPENSES RESULTING FROM:

1. GOVERNMENTAL POLICE POWER, AND THE EXISTENCE OR VIOLATION OF ANY LAW OR GOVERNMENT REGULATION. THIS INCLUDES ORDINANCES, LAWS AND REGULATIONS CONCERNING:
   A. BUILDING
   B. ZONING
   C. LAND USE
   D. IMPROVEMENTS ON THE LAND
   E. LAND DIVISION
   F. ENVIRONMENTAL PROTECTION
   THIS EXCLUSION DOES NOT APPLY TO VIOLATIONS OR THE ENFORCEMENT OF THESE MATTERS IF NOTICE OF THE VIOLATION OR ENFORCEMENT APPEARS IN THE PUBLIC RECORDS AT THE POLICY DATE.
   THIS EXCLUSION DOES NOT LIMIT THE COVERAGE DESCRIBED IN COVERED RISK 14, 15, 16, 17 OR 24.
2. THE FAILURE OF YOUR EXISTING STRUCTURES, OR ANY PART OF THEM, TO BE CONSTRUCTED IN ACCORDANCE WITH APPLICABLE BUILDING CODES. THIS EXCLUSION DOES NOT APPLY TO VIOLATIONS OF BUILDING CODES IF NOTICE OF THE VIOLATION APPEARS IN THE PUBLIC RECORDS AT THE POLICY DATE.
3. THE RIGHT TO TAKE THE LAND BY CONDEMNING IT, UNLESS:
   A. A NOTICE OF EXERCISING THE RIGHT APPEARS IN THE PUBLIC RECORDS AT THE POLICY DATE; OR
   B. THE TAKING HAPPENED BEFORE THE POLICY DATE AND IS BINDING ON YOU IF YOU BOUGHT THE LAND WITHOUT KNOWING OF THE TAKING.
4. RISKS:
   A. THAT ARE CREATED, ALLOWED, OR AGREED TO BY YOU, WHETHER OR NOT THEY APPEAR IN THE PUBLIC RECORDS;
   B. THAT ARE KNOWN TO YOU AT THE POLICY DATE, BUT NOT TO US, UNLESS THEY APPEAR IN THE PUBLIC RECORDS AT THE POLICY DATE;
   C. THAT RESULT IN NO LOSS TO YOU; OR
   D. THAT FIRST OCCUR AFTER THE POLICY DATE – THIS DOES NOT LIMIT THE COVERAGE DESCRIBED IN COVERED RISK 7, 8D, 22, 23, 24 OR 25.
5. FAILURE TO PAY VALUE FOR YOUR TITLE.
6. LACK OF A RIGHT:
   A. TO ANY LAND OUTSIDE THE AREA SPECIFICALLY DESCRIBED AND REFERRED TO IN PARAGRAPH 3 OF SCHEDULE A; AND
   B. IN STREETS, ALLEYS, OR WATERWAYS THAT TOUCH THE LAND.
   THIS EXCLUSION DOES NOT LIMIT THE COVERAGE DESCRIBED IN COVERED RISK 11 OR 18.

## LIMITATIONS ON COVERED RISKS

YOUR INSURANCE FOR THE FOLLOWING COVERED RISKS IS LIMITED ON THE OWNER'S COVERAGE STATEMENT AS FOLLOWS:
FOR COVERED RISK 14, 15, 16 AND 18, YOUR DEDUCTIBLE AMOUNT AND OUR MAXIMUM DOLLAR LIMIT OF LIABILITY SHOWN IN SCHEDULE A.
THE DEDUCTIBLE AMOUNTS AND MAXIMUM DOLLAR LIMITS SHOWN ON SCHEDULE A ARE AS FOLLOWS:

| | Your Deductible Amount | Our Maximum Dollar Limit of Liability | | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|---|---|---|
| Covered Risk 14: | 1% of Policy Amount or $2,500 (whichever is less) | $10,000 | Covered Risk 16 | 1% of Policy Amount or $5,000 (whichever is less) | $25,000 |
| Covered Risk 15: | 1% of Policy Amount or $5,000 (whichever is less) | $25,000 | Covered Risk 18 | 1% of Policy Amount or $2,500 (whichever is less) | $5,000 |

## AMERICAN LAND TITLE ASSOCIATION RESIDENTIAL TITLE INSURANCE POLICY (6/1/87)
### EXCLUSIONS

IN ADDITION TO THE EXCEPTIONS IN SCHEDULE B, YOU ARE NOT INSURED AGAINST LOSS, COSTS, ATTORNEYS' FEES, AND EXPENSES RESULTING FROM:

1. GOVERNMENTAL POLICE POWER, AND THE EXISTENCE OR VIOLATION OF ANY LAW OR GOVERNMENT REGULATION. THIS INCLUDES BUILDING AND ZONING ORDINANCES AND ALSO LAWS AND REGULATIONS CONCERNING:
   - LAND USE
   - IMPROVEMENTS ON THE LAND
   - LAND DIVISION
   - ENVIRONMENTAL PROTECTION
   THIS EXCLUSION DOES NOT APPLY TO VIOLATIONS OR THE ENFORCEMENT OF THESE MATTERS WHICH APPEAR IN THE PUBLIC RECORDS AT POLICY DATE.
   THIS EXCLUSION DOES NOT LIMIT THE ZONING COVERAGE DESCRIBED IN ITEMS 12 AND 13 OF COVERED TITLE RISKS.
2. THE RIGHT TO TAKE THE LAND BY CONDEMNING IT, UNLESS:
   - A NOTICE OF EXERCISING THE RIGHT APPEARS IN THE PUBLIC RECORDS ON THE POLICY DATE
   - THE TAKING HAPPENED PRIOR TO THE POLICY DATE AND IS BINDING ON YOU IF YOU BOUGHT THE LAND WITHOUT KNOWING OF THE TAKING
3. TITLE RISKS:
   - THAT ARE CREATED, ALLOWED, OR AGREED TO BY YOU
   - THAT ARE KNOWN TO YOU, BUT NOT TO US, ON THE POLICY DATE – UNLESS THEY APPEARED IN THE PUBLIC RECORDS
   - THAT RESULT IN NO LOSS TO YOU
   - THAT FIRST AFFECT YOUR TITLE AFTER THE POLICY DATE – THIS DOES NOT LIMIT THE LABOR AND MATERIAL LIEN COVERAGE IN ITEM 8 OF COVERED TITLE RISKS
4. FAILURE TO PAY VALUE FOR YOUR TITLE.
5. LACK OF A RIGHT:
   - TO ANY LAND OUTSIDE THE AREA SPECIFICALLY DESCRIBED AND REFERRED TO IN ITEM 3 OF SCHEDULE A
   OR
   - IN STREETS, ALLEYS OR WATERWAYS THAT TOUCH YOUR LAND.
   THIS EXCLUSION DOES NOT LIMIT THE ACCESS COVERAGE IN ITEM 5 OF COVERED TITLE RISKS.

## AMERICAN LAND TITLE ASSOCIATION LOAN POLICY (10/17/92) WITH ALTA ENDORSEMENT-FORM 1 COVERAGE
### EXCLUSIONS FROM COVERAGE

THE FOLLOWING MATTERS ARE EXPRESSLY EXCLUDED FROM THE COVERAGE OF THIS POLICY AND THE COMPANY WILL NOT PAY LOSS OR DAMAGE, COSTS, ATTORNEY'S FEES OR EXPENSES WHICH ARISE BY REASON OF:

1. (A) ANY LAW, ORDINANCE OR GOVERNMENTAL REGULATION (INCLUDING BUT NOT LIMITED TO BUILDING AND ZONING LAWS, ORDINANCES, OR REGULATIONS) RESTRICTING, REGULATING, PROHIBITING OR RELATING TO (1) THE OCCUPANCY, USE OR ENJOYMENT OF THE LAND; (2) THE CHARACTER, DIMENSIONS OR LOCATION OF ANY IMPROVEMENT NOW OR HEREAFTER ERECTED ON THE LAND; (3) A SEPARATION IN OWNERSHIP OR A CHANGE IN THE DIMENSIONS OR AREA OF THE LAND OR ANY PARCEL OF WHICH THE LAND IS OR WAS A PART; OR (4) ENVIRONMENTAL PROTECTION, OR THE EFFECT OF ANY VIOLATION OF THESE LAWS, ORDINANCES OR GOVERNMENTAL REGULATIONS, EXCEPT TO THE EXTENT THAT A NOTICE OF THE ENFORCEMENT THEREOF OR A NOTICE OF A DEFECT, LIEN OR ENCUMBRANCE RESULTING FROM A VIOLATION OR ALLEGED VIOLATION AFFECTING THE LAND HAS BEEN RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY.
   (B) ANY GOVERNMENTAL POLICE POWER NOT EXCLUDED BY (A) ABOVE, EXCEPT TO THE EXTENT THAT A NOTICE OF THE EXERCISE THEREOF OR A NOTICE OF A DEFECT, LIEN OR ENCUMBRANCE RESULTING FROM A VIOLATION OR ALLEGED VIOLATION AFFECTING THE LAND HAS BEEN RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY.
2. RIGHTS OF EMINENT DOMAIN UNLESS NOTICE OF THE EXERCISE THEREOF HAS BEEN RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY, BUT NOT EXCLUDING FROM COVERAGE ANY TAKING WHICH HAS OCCURRED PRIOR TO DATE OF POLICY WHICH WOULD BE BINDING ON THE RIGHTS OF A PURCHASER FOR VALUE WITHOUT KNOWLEDGE.
3. DEFECTS, LIENS, ENCUMBRANCES, ADVERSE CLAIMS OR OTHER MATTERS:
   (A) CREATED, SUFFERED, ASSUMED OR AGREED TO BY THE INSURED CLAIMANT;
   (B) NOT KNOWN TO THE COMPANY, NOT RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY, BUT KNOWN TO THE INSURED CLAIMANT AND NOT DISCLOSED IN WRITING TO THE COMPANY BY THE INSURED CLAIMANT PRIOR TO THE DATE THE INSURED CLAIMANT BECAME AN INSURED UNDER THIS POLICY;
   (C) RESULTING IN NO LOSS OR DAMAGE TO THE INSURED CLAIMANT;
   (D) ATTACHING OR CREATED SUBSEQUENT TO DATE OF POLICY (EXCEPT TO THE EXTENT THAT THIS POLICY INSURED THE PRIORITY OF THE LIEN OF THE INSURED MORTGAGE OVER ANY STATUTORY LIEN FOR SERVICES, LABOR OR MATERIAL OR TO THE EXTENT INSURANCE IS AFFORDED HEREIN AS TO ASSESSMENTS FOR STREET IMPROVEMENTS UNDER CONSTRUCTION OR COMPLETED AT DATE OF POLICY); OR
   (E) RESULTING IN LOSS OR DAMAGE WHICH WOULD NOT HAVE BEEN SUSTAINED IF THE INSURED CLAIMANT HAD PAID VALUE FOR THE INSURED MORTGAGE.
4. UNENFORCEABILITY OF THE LIEN OF THE INSURED MORTGAGE BECAUSE OF THE INABILITY OR FAILURE OF THE INSURED AT DATE OF POLICY, OR THE INABILITY OR FAILURE OF ANY SUBSEQUENT OWNER OF THE INDEBTEDNESS, TO COMPLY WITH APPLICABLE DOING BUSINESS LAWS OF THE STATE IN WHICH THE LAND IS SITUATED.
5. INVALIDITY OR UNENFORCEABILITY OF THE LIEN OF THE INSURED MORTGAGE, OR CLAIM THEREOF, WHICH ARISES OUT OF THE TRANSACTION EVIDENCED BY THE INSURED MORTGAGE AND IS BASED UPON USURY OR ANY CONSUMER CREDIT PROTECTION OR TRUTH-IN-LENDING LAW.
6. ANY STATUTORY LIEN FOR SERVICES, LABOR OR MATERIALS (OR THE CLAIM OF PRIORITY OF ANY STATUTORY LIEN FOR SERVICES, LABOR OR MATERIALS OVER THE LIEN OF THE INSURED MORTGAGE) ARISING FROM AN IMPROVEMENT OR WORK RELATED TO THE LAND WHICH IS CONTRACTED FOR AND COMMENCED SUBSEQUENT TO DATE OF POLICY AND IS NOT FINANCED IN WHOLE OR IN PART BY PROCEEDS OF THE INDEBTEDNESS SECURED BY THE INSURED MORTGAGE WHICH AT DATE OF POLICY THE INSURED HAS ADVANCED OR IS OBLIGATED TO ADVANCE.
7. ANY CLAIM, WHICH ARISES OUT OF THE TRANSACTION CREATING THE INTEREST OF THE MORTGAGEE INSURED BY THIS POLICY, BY REASON OF THE OPERATION OF FEDERAL BANKRUPTCY, STATE INSOLVENCY, OR SIMILAR CREDITORS' RIGHTS LAWS, THAT IS BASED ON:
   (1) THE TRANSACTION CREATING THE INTEREST OF THE INSURED MORTGAGEE BEING DEEMED A FRAUDULENT CONVEYANCE OR FRAUDULENT TRANSFER; OR

(2)   THE SUBORDINATION OF THE INTEREST OF THE INSURED MORTGAGEE AS A RESULT OF THE APPLICATION OF THE DOCTRINE OF EQUITABLE
      SUBORDINATION; OR
(3)   THE TRANSACTION CREATING THE INTEREST OF THE INSURED MORTGAGEE BEING DEEMED A PREFERENTIAL TRANSFER EXCEPT WHERE THE
      PREFERENTIAL TRANSFER RESULTS FROM THE FAILURE:
      (A)   TO TIMELY RECORD THE INSTRUMENT OF TRANSFER; OR
      (B)   OF SUCH RECORDATION TO IMPART NOTICE TO A PURCHASER FOR VALUE OR A JUDGMENT OR LIEN CREDITOR.

THE ABOVE POLICY FORMS MAY BE ISSUED TO AFFORD EITHER STANDARD OR EXTENDED COVERAGE. IN ADDITION TO THE ABOVE EXCLUSIONS FROM
COVERAGE, THE EXCEPTIONS FROM COVERAGE IN A STANDARD COVERAGE POLICY WILL ALSO INCLUDE THE FOLLOWING GENERAL EXCEPTIONS:
### 2006 ALTA LOAN POLICY (6/17/06)
### EXCLUSIONS FROM COVERAGE
THE FOLLOWING MATTERS ARE EXPRESSLY EXCLUDED FROM THE COVERAGE OF THIS POLICY AND THE COMPANY WILL NOT PAY LOSS OR DAMAGE,
COSTS, ATTORNEYS' FEES OR EXPENSES WHICH ARISE BY REASON OF:
1.  (A)   ANY LAW, ORDINANCE, PERMIT, OR GOVERNMENTAL REGULATION ( INCLUDING THOSE RELATING TO BUILDING AND ZONING) RESTRICTING,
          REGULATING, PROHIBITING, OR RELATING TO
          (I)    THE OCCUPANCY, USE, OR ENJOYMENT OF THE LAND
          (II)   THE CHARACTER, DIMENSIONS, OR LOCATION OF ANY IMPROVEMENT ERECTED ON THE LAND;
          (III)  THE SUBDIVISION OF LAND; OR
          (IV)   ENVIRONMENTAL PROTECTION
          OR THE EFFECT OF ANY VIOLATION OF THESE LAWS, ORDINANCES, OR GOVERNMENTAL REGULATIONS. THIS EXCLUSION 1(A) DOES NOT
          MODIFY OR LIMIT THE COVERAGE PROVIDED UNDER COVERED RISK 5.
    (B)   ANY GOVERNMENTAL POLICE POWER. THIS EXCLUSION 1(B) DOES NOT MODIFY OR LIMIT THE COVERAGE PROVIDED UNDER COVERED RISK 6.
2.  RIGHTS OF EMINENT DOMAIN. THIS EXCLUSION DOES NOT MODIFY OR LIMIT COVERAGE PROVIDED UNDER COVERED RISK 7 OR 8.
3.  DEFECTS, LIENS, ENCUMBRANCES, ADVERSE CLAIMS, OR OTHER MATTERS:
    (A)   CREATED, SUFFERED, ASSUMED OR AGREED TO BY THE INSURED CLAIMANT;
    (B)   NOT KNOWN TO THE COMPANY, NOT RECORDED IN THE PUBLIC RECORDS AT DATE OR POLICY, BUT KNOWN TO THE INSURED CLAIMANT AND
          NOT DISCLOSED IN WRITING TO THE COMPANY BY THE INSURED CLAIMANT PRIOR TO THE DATE THE INSURED CLAIMANT BECAME AND
          INSURED UNDER THIS POLICY;;
    (C)   RESULTING IN NO LOSS OR DAMAGE TO THE INSURED CLAIMANT;
    (D)   ATTACHING OR CREATED SUBSEQUENT TO DATE OF POLICY (HOWEVER, THIS DOES NOT MODIFY OR LIMIT THE COVERAGE PROVIDED UNDER
          COVERED RISK 11,13, OR 14); OR
    (E)   RESULTING IN LOSS OR DAMAGE THAT WOULD NOT HAVE BEEN SUSTAINED IF THE INSURED CLAIMANT HAD PAID VALUE FOR THE INSURED
          MORTGAGE.
4.  UNENFORCEABILITY OF THE LIEN OF THE INSURED MORTGAGE BECAUSE OF THE INABILITY OR FAILURE OF AN INSURED TO COMPLY WITH
    APPLICABLE DOING-BUSINESS LAWS OF THE STATE WHERE THE LAND IS SITUATED.
5.  INVALIDITY OR UNENFORCEABILITY IN WHOLE OR IN PART OF THE LIEN OF THE INSURED MORTGAGE THAT ARISES OUT OF THE TRANSACTION
    EVIDENCED BY THE INSURED MORTGAGE AND IS BASED UPON USURY OR ANY CONSUMER CREDIT PROTECTION OR TRUTH-IN-LENDING LAW.
6.  ANY CLAIM, BY REASON OF THE OPERATION OF FEDERAL BANKRUPTCY, STATE INSOLVENCY, OR SIMILAR CREDITORS' RIGHTS LAWS, THAT THE
    TRANSACTION CREATING THE LIEN OF THE INSURED MORTGAGE, IS.
    (A)   A FRAUDULENT CONVEYANCE OR FRAUDULENT TRANSFER, OR
    (B)   A PREFERENTIAL TRANSFER FOR ANY REASON NOT STATED IN COVERED RISK 13(B) OF THIS POLICY.
7.        ANY LIEN OF THE TITLE FOR REAL ESTATE TAXES OR ASSESSMENTS IMPOSED BY GOVERNMENTAL AUTHORITY AND CREATED OR ATTACHING.
    BETWEEN DATE OF POLICY AND THE DATE OF RECORDING OF THE INSURED MORTGAGE IN THE PUBLIC RECORDS. THIS EXCLUSION DOES NOT
    MODIFY OR LIMIT THE COVERAGE PROVIDED UNDER COVERED RISK 11(B).

### AMERICAN LAND TITLE ASSOCIATION OWNER'S POLICY (10/17/92)
### EXCLUSIONS FROM COVERAGE
THE FOLLOWING MATTERS ARE EXPRESSLY EXCLUDED FROM THE COVERAGE OF THIS POLICY AND THE COMPANY WILL NOT PAY LOSS OR DAMAGE, :
COSTS, ATTORNEYS' FEES OR EXPENSES WHICH ARISE BY REASON OF:
1  (A)   ANY LAW, ORDINANCE OR GOVERNMENTAL REGULATION (INCLUDING BUT NOT LIMITED TO BUILDING AND ZONING LAWS, ORDINANCES, OR
         REGULATIONS) RESTRICTING, REGULATING, PROHIBITING OR RELATINGTO (I) THE OCCUPANCY, USE, OR ENJOYMENT OF THE LAND; (II) THE
         CHARACTER, DIMENSIONS OR LOCATION OF ANY IMPROVEMENT NOW OR HEREAFTER ERECTED ON THE LAND;(III) A SEPERATION IN
         OWNERSHIP OR A CHANGE IN THE DIMENSIONS OR AREA OF THE LAND OR ANY PARCEL OF WHICH THE LAND IS OR WAS A PART; OR (IV)
         ENVIRONMENTAL PROTECTION, OR THE EFFECT OF ANY VIOLATION OF THESE LAWS, ORDINANCES, OR GOVERNMENTAL REGULATIONS.
         EXCEPT TO THE EXTENT THAT A NOTICE OF THE ENFORCEMENT THEREOF OR  A NOTICE OF A DEFECT. LIEN, ENCUMBRACE RESULTING FROM A
         VIOLATION OR ALLEGED VIOLATION AFFECTING THE LAND HAS BEEN RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY.
   (B)   ANY GOVERNMENTAL POLICE POWER NOT EXCLUDED BY (A) ABOVE, EXCEPT TO THE EXTENT THAT A NOTICE OF A DEFECT, LIEN OR
         ENCUMBRANCE RESULTING FROM A VIOLATION OR ALLEGED VIOLATION AFFECTING THE LAND HAS BEEN RECORDED IN THE PUBLIC RECORDS
         AT DATE OF POLICY.
2.  RIGHTS OF EMINENT DOMAIN UNLESS NOTICE OF THE EXERCISE THEREOF HAS BEEN RECORDED IN  THE PUBLIC RECORDS AT DATE OF POLICY,
    BUT NOT EXCLUDING FROM COVERAGE ANY TAKING WHICH HAS OCCURRED PRIOR TO DATE OF POLICY WHICH WOULD BE BINDING ON THE RIGHTS
    OF A PURCHASER FOR VALUE WITHOUT KNOWLEDGE.
3.  DEFECTS, LIENS, ENCUMBRANCES, ADVERSE CLAIMS OR OTHER MATTERS:
    (A)   CREATED, SUFFERED, ASSUMED OR AGREED TO BY THE INSURED CLAIMANT;
    (B)   NOT KNOWN TO THE COMPANY, NOT RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY, BUT KNOWN TO THE INSURED CLAIMANT AND
          NOT DISCLOSED IN WRITING TO THE COMPANY BY THE INSURED CLAIMANT PRIOR TO THE DATE THE INSURED CLAIMANT BECAME INSURED
          UNDER THIS POLICY'
    (C)   RESULTING IN NO LOSS OR DAMAGE TO THE INSURED CLAIMANT;
    (D)   ATTACHING OR CREATED SUBSEQUENT TO DATE OF POLICY; OR
    (E)   RESULTING IN LOSS OR DAMAGE WHICH WOULD NOT HAVE BEEN SUSTAINED IF THE INSURED CLAIMANT HAD PAID VALUE FOR THE ESTATE
          OR INTEREST INSURED BY THIS POLICY.
4.  ANY CLAIM, WHICH ARISES OUT OF THE TRANSACTION VESTING IN THE INSURED THE ESTATE OR INTEREST INSURED BY THIS POLICY, BY REASON
    OF THE OPERATION OF FEDERAL BANKRUPTCY, STATE INSOLVENCY, OR SIMILAR CREDITORS' RIGHTS LAWS, THAT IS BASED ON:
    (I)    THE TRANSACTION CREATING THE ESTATE OR INTEREST INSURED BY THIS POLICY DEEMED A FRAUDULENT CONVEYANCE OR FRAUDULENT
           TRANSFER; OR
    (II)   THE TRANSACTION CREATING THE ESTATE OR INTEREST INSURED BY THIS POLICY BEING DEEMED A PREFERENTIAL TRANSFER EXCEPT
           WHERE THE PREFERENTIAL TRANSFER RESULTS FROM THE FAILURE:
           (A)   TO TIMELY RECORD THE INSTRUMENT OF TRANSFER; OR
           (B)   OF SUCH RECORDATION TO IMPART NOTICE TO A PURCHASER FOR VALUE OR A JUDGEMENT OR A LIEN CREDITOR.
THE ABOVE POLICY FORMS MAY BE ISSUED TO AFFORD EITHER STANDARD COVERAGE OR EXTENDED COVERAGE. IN ADDITION TO THE ABOVE
EXCLUSIONS FORM COVERAGE, THE EXCEPTIONS FROM COVERAGE IN A STANDARD COVERAGE POLICY WILL ALSO INCLUDE THE FOLLOWING GENERAL
EXCEPTIONS:

**2006 ALTA OWNER'S POLICY (6/17/06)**
**EXCLUSIONS FROM COVERAGE**

THE FOLLOWING MATTERS ARE EXPRESSLY EXCLUDED FROM THE COVERAGE OF THIS POLICY, AND THE COMPANY WILL NOT PAY LOSS OR DAMAGE, COSTS', ATTORNEYS' FEES, OR EXPENSES THAT ARISE BY REASON OF:

1. (A) ANY LAW, ORDINANCE, PERMIT, OR GOVERNMENTAL REGULATION (INCLUDING THOSE RELATING TO BUILDING AND ZONING) RESTRICTING, REGULATING, PROHIBITING, OR RELATING TO
   (I)   THE OCCUPANCY, USE, OR ENJOYMENT OF THE LAND;
   (II)  THE CHARACTER, DIMENSIONS, OR LOCATION OF ANY IMPROVEMENT ERECTED ON THE LAND;
   (III) THE SUBDIVISION OF LAND; OR
   (IV)  ENVIRONMENTAL PROTECTION;
   OR THE EFFECT OF ANY VIOLATION OF THESE LAWS, ORDINANCES, OR GOVERNMENTAL REGULATIONS. THIS EXCLUSION 1(A) DOES NOT MODIFY OR LIMIT THE COVERAGE PROVIDED UNDER COVERED RISK 5.
   (B) ANY GOVERNMENTAL POLICE POWER. THIS EXCLUSION 1(B) DOIES NOT MODIFY OR LIMIT THE COVERAGE PROVIDED UNDER COVERED RISK 6.
2. RIGHTS OF EMINENT DOMAIN. THIS EXCLUSION DOES NOT MODIFY OR LIMIT THE COVERAGE PROVIDED UNDER COVERED RISK 7 OR 8.
3. DEFECTS, LIENS, ENCUMBRANCES, ADVERSE CLAIMS, OR OTHER MATTERS
   (A) CREATED, SUFFERED, ASSUMED, OR AGREED TO BY THE INSURED CLAIMANT;
   (B) NOT KNOWN TO THE COMPANY, NOT RECORDED IN THE PUBLIC RECORDS AT DATE OF, POLICY, BUT KNOWN TO THE INSURED CLAIMANT AND NOT DISCLOSED IN WRITING TO THE COMPANY BY THE INSURED CLAIMANT PRIOR TO THE DATE THE INSURED CLAIMANT BECAME AN INSURED UNDER THIS POLICY;
   (C) RESULTING IN NO LOSS OR DAMAGE TO THE INSURED CLAIMANT;
   (D) ATTACHING OR CREATED SUBSEQUENT TO DATE OF POLICY (HOWEVER, THIS DOES NOT MODIFY OR LIMIT THE COVERAGE PROVIDED UNDER COVERED RISK 9 AND 10) ' OR
   (E) RESULTING IN LOSS OR DAMAGE THAT WOULD NOT HAVE BEEN SUSTAINED IF THE INSURED CLAIMANT HAD PAID VALUE FOR THE TITLE.
4. ANY CLAIM, BY REASON OF THE OPERATION OF FEDERAL BANKRUPTCY, STATE INSOLVENCY, OR SIMILAR CREDITORS' RIGHTS LAWS, THAT THE TRANSACTION VESTING THE TITLE AS SHOWN IN SCHEDULE A, IS
   (A) A FRAUDULENT CONVEYANCE OR FRAUDULENT TRANSFER; OR
   (B) A PREFERENTIAL TRANSFER FOR ANY REASON NOT STATED IN COVERED RISK 9 OF THIS POLICY.
5. ANY LIEN ON THE TITLE FOR REAL ESTATE TAXES OR ASSESSMENTS IMPOSED BY GOVERNMENTAL AUTHORITY AND CREATED OR ATTACHING BETWEEN DATE OF POLICY AND THE DATE OF RECORDING OF THE DEED OR OTHER INSTRUMENT OF TRANSFER IN THE PUBLIC RECORDS THAT VESTS TITLE AS SHOWN IN SCHEDULE A.

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY (10/13/01)**
**EXCLUSIONS FROM COVERAGE**

THE FOLLOWING MATTERS ARE EXPRESSLY EXCLUDED FROM THE COVERAGE OF THIS POLICY AND THE COMPANY WILL NOT PAY LOSS OR DAMAGE, COSTS, ATTORNEYS FEES OR EXPENSES WHICH ARISE BY REASON OF:

1. (A) ANY LAW, ORDINANCE OR GOVERNMENTAL REGULATION (INCLUDING BUT NOT LIMITED TO BUILDING AND ZONING LAWS, ORDINANCES, OR REGULATIONS) RESTRICTING, REGULATING, PROHIBITING OR RELATING TO (I) THE OCCUPANCY, USE, OR ENJOYMENT OF THE LAND; (II) THE CHARACTER, DIMENSIONS OR LOCATION OF ANY IMPROVEMENT NOW OR HEREAFTER ERECTED ON· THE LAND; (III) A SEPERATION IN OWNERSHIP OR A CHANGE IN THE DIMENSIONS OR·AREAS OF THE LAND OR ANY PARCEL OF WHICH THE LAND IS OR WAS A PART; OR (IV) ENVIROMENTAL PROTECTION, OR THE EFFECT OF ANY VIOLATION OF THESE LAWS, ORDINANCES OR GOVERNMENTAL REGULATIONS, EXCEPT TO THE EXTENT THAT'S NOTICE OF THE ENFORCEMENT THEREOF OR A·NOTICE OF A DEFECT, LIEN OR ENCUMBRANCE RESULTING FROM A VIOLATION OR ALLEGED VIOLATION AFFECTING THE LAND HAS BEEN RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY. THIS EXCLUSION DOES NOT LIMIT THE COVERAGE PROVIDED UNDER COVERED RISKS 12,13,14, AND 16 OF THIS POLICY.
   (B) ANY GOVERNMENTAL POLICE POWER NOT EXCLUDED BY (A) ABOVE, EXCEPT·TO THE EXTENT THAT A NOTICE OF THE EXERCISE THEREOF OR A NOTICE OF DEFECT, LIEN OR ENCUMBRANCE RESULTING FROM A VIOLATION OR ALLEGED VIOLATION AFFECTING THE· LAND·HAS BEEN· RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY. THIS EXCLUSION DOES NOT LIMIT THE COVERAGE PROVIDED UNDER COVERED RISK· 12,13,14, AND 16.
2. RIGHTS OF EMINENT DOMAIN UNLESS NOTICE OF THE EXERCISE THEREOF HAS BEEN RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY, BUT NOT EXCLUDING FROM COVERAGE ANY TAKING WHICH HAS OCCURRED PRIOR TO DATE OF POLICY WHICH WOULD BE BINDING ON THE RIGHTS OF A PURCHASER FOR VALUE WITHOUT KNOWLEDGE.
3. DEFECTS, LIENS, ENCUMBRANCES, ADVERSE CLAIMS OR OTHER MATTERS:
   (A) CREATED, SUFFERED, ASSUMED OR AGREED TO BY THE INSURED CLAIMANT'
   (B) NOT KNOWN TO THE COMPANY, NOT RECORDED IN THE PUBLIC RECORDS AT DATE OF POLICY, BUT KNOWN TO THE INSURED CLAIMANT AND NOT DISCLOSED IN WRITING TO THE COMPANY BY THE INSURED CLAIMANT PRIOR TO THE DATE THE INSURED CLAIMANT BECAME AN INSURED UNDER THIS POLICY;
   (C) RESULTING IN NO LOSS OR DAMAGE TO THE INSURED CLAIMANT;
   (D) ATTACHING OR CREATED SUBSEQUENT TO DATE OF POLICY ( THIS PARAGRAPH DOES NOT LIMIT THE COVERAGE PROVIDED UNDER COVERED RISK 8, 16, 18, 19, 20, 21, 22, 23, 24, 25 AND 26); OR
   (E) RESULTING IN LOSS OR DAMAGE WHICH WOULD NOT HAVE BEEN SUSTAINED IF THE INSURED CLAIMANT HAD PAID VALUE FOR THE INSURED MORTGAGE.
4. UNENFORCEABILITY OF THE LIEN OF THE INSURED MORTGAGE BECAUSE OF THE INABILITY OR FAILURE OF THE INSURED AT DATE OF POLICY, OR THE INABILITY OR FAILURE OF ANY SUBSEQUENT OWNER OF THE INDEBTEDNESS, TO COMPLY WITH APPLICABLE DOING BUSINESS LAWS OF THE STATE IN WHICH THE LAND IS SITUATED.
5. INVALIDITY OR UNENFORCEABILITY OF THE LIEN OF THE INSURED MORTGAGE, OR CLAIM THEREOF, WHICH ARISES OUT OF THE TRANSACTION EVIDENCED BY THE INSURED MORTGAGE AND IS BASED ON USURY, EXCEPT AS PROVIDED IN COVERED RISK 27, OR ANY CONSUMER CREDIT PROTECTION OR TRUTH IN LENDING LAW.
6. REAL PROPERTY TAXES OR ASSESSMENTS OF ANY GOVERNMENTAL AUTHORITY WHICH BECOME A LIEN ON THE LAND SUBSEQUENT TO DATE OF POLICY. THIS EXCLUSION DOES NOT LIMIT THE COVERAGE PROVIDED UNDER COVER RISKS 7, 8(E) AND 26.
7. ANY CLAIM OF INVALIDITY, UNENFORCEABILITY OR LACK OF PRIORITY OF THE LIEN OF THE INSURED MORTGAGE AS TO ADVANCES OR MODIFICATIONS MADE AFTER THE INSURED HAS KNOWLEDGE THAT THE VESTEE SHOWN IN SCHEDULE A IS NO LONGER THE OWNER OF THE ESTATE OR INTEREST COVERED BY THIS POLICY. THIS EXCLUSION DOES NOT LIMIT THE COVERAGE PROVIDED IN COVERED RISK 8.
8. LACK OF PRIORITY OF THE LIEN OF THE INSURED MORTGAGE AS TO EACH AND EVERY ADVANCE MADE AFTER DATE OF POLICY, AND ALL INTERET CHARGED THEREON, OVER LIENS, ENCUMBRANCES AND OTHER MATTERS AFFECTING THE TITLE, THE EXISTENCE OF WHICH ARE KNOWN TO THE INSURED AT:
   (A)   THE TIME OF THE ADVANCE, OR
   (B)   THE TIME A MODIFICATION IS MADE TO THE TERMS OF THE INSURED MORTGAGE WHICH CHANGES THE RATE OF INTEREST CHARGED, IF THE RATE OF INTEREST IS GREATER AS A RESULT OF THE MODIFICATION THAN IT WOULD HAVE BEEN BEFORE THE MODIFICATION. THIS EXCLUSION DOES NOT LIMIT THE COVERAGE PROVIDED IN COVERED RISK 8.
9. THE FAILURE OF THE RESIDENTIAL STRUCTURE, OR ANY PORTION THEREOF TO HAVE BEEN CONSTRUCTED BEFORE, ON OR AFTER DATE OF POLICY IN ACCORDANCE WITH APPLICABLE BUILDING CODES. THIS EXCLUSION DOES NOT APPLY TO VIOLATIONS OF BUILDING CODES IF NOTICE OF THE VIOLATION APPEARS IN THE PUBLIC RECORDS AT DATE OF POLICY.